**William Douglas HODGES**

v.

**Harold BROWN, Secretary of Defense and Edward Hildago, Secretary of the Navy and Admiral C. Brettschneider, Commanding Officer, 4th Naval District, Philadelphia, Penna.**

**Civ. A. No. 80–0993.**

United States District Court,
E. D. Pennsylvania.

Aug. 15, 1980.
On Motion for Injunction Pending
Appeal Sept. 29, 1980.

Gene D. Cohen, Philadelphia, Pa., for plaintiff.

Peter Vaira, U. S. Atty., Dawn MacPhee, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

Plaintiff, an enlisted man in the United States Navy, brought this action against the defendants alleging that his enlistment is void, and that defendants have no authority to require him to complete military service or to face military justice for his unauthorized absences from duty.

Plaintiff asks for injunctive relief from military prosecution, mandamus relief to compel the Navy to grant plaintiff an honorable discharge with attendant benefits, a writ of habeas corpus declaring plaintiff's enlistment void and retention of the plaintiff by the military unlawful, and declaratory relief. Plaintiff further contends that defendants threaten him with irreparable damage in violation of his right to due process by retaining him in their custody against his will and subjecting him to immediate prosecution before a military tribunal without the constitutional safeguards of bail and a trial by jury. Defendants filed an answer denying plaintiff's allegations. Plaintiff alleges jurisdiction of this court is conferred by 28 U.S.C.A. §§ 1331,[1] 1361,[2]

---

1. 28 U.S.C.A. § 1331 (1958) (as amended, 1976), Federal question; amount in controversy; costs.

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of

2241.[3] Presently before the Court is a motion of the defendants to dismiss or in the alternative for summary judgment, and a motion of the plaintiff for summary judgment. For the reasons which follow, the plaintiff's motion for summary judgment is denied, the defendants' motion for summary judgment is denied and the defendants' motion to dismiss is granted.

Plaintiff and defendants have stipulated the following facts: On May 31, 1978, plaintiff enlisted in the Navy under the Deferred Enlistment Program and was sworn into the Regular Navy on August 25, 1978. At the time of his enlistment in the Navy, plaintiff was seventeen years old, having been born on May 13, 1961, and his parents consented to his enlistment.[4] Presently, plaintiff is nineteen years old. At the time of his enlistment, plaintiff was in the tenth grade at East Senior High School in West Goshen, Pennsylvania. Having completed less than eleven years of education, plaintiff was not eligible for enlistment in the Navy. Plaintiff's application for enlistment and other enlistment documents reveal that plaintiff had completed eleven years of education. Plaintiff signed a Review of Documents statement averring that the information in his enlistment documents was accurate, and also signed a statement in his enlistment agreement that he had reviewed his application for enlistment and found the information supplied by him was accurate. The assistant principal at plaintiff's high school verified that plaintiff had completed the eleventh grade by signing a form supplied to him by the recruiting office with that information already filled in on the form. This was contrary to instructions provided the recruiting office. It should have sent the school the form without that information so that the school officials could fill in the highest grade completed by the plaintiff. After completion of basic training, plaintiff was assigned to the Naval Air Technical Training Center (NATTC), located at the Naval Air Station Memphis, Millington, Tennessee. On April 3, 1979, plaintiff was charged with Article 86 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, for his unauthorized absence from his organization from December 18, 1978 to February 15, 1979. This charge was referred to a Summary Court–Martial on April 4, 1979. On May 10, 1979, prior to the court–martial hearing, plaintiff commenced another period of unauthorized absence. On March 10, 1980, plaintiff surrendered himself to Naval Authorities at the Philadelphia Naval Base, where he is presently in custody.

For the limited purpose of ruling on plaintiff's motion for summary judgment, the parties have also stipulated that the Navy recruiter knew or should have known that the plaintiff was unacceptable for military service by reason of his lack of education, but recruited plaintiff into the Navy in violation of Navy and Department of Defense Regulations.

---

$10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

2. 28 U.S.C.A. § 1361 (1962), Action to compel an officer of the United States to perform his duty.

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

3. 28 U.S.C.A. § 2241 (1948), Power to grant writ.

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had. . . .

4. *See*: 10 U.S.C.A. § 505 (1968), Regular components; qualifications, term, grade.

(a) The Secretary concerned may accept original enlistments in the . . ., Regular Navy, . . ., of qualified, effective, and able–bodied persons who are not less than seventeen years of age, nor more than thirty five years of age. However, no person under eighteen years of age may be originally enlisted without the written consent of his parent or guardian, if he has a parent or guardian entitled to his custody and control. . . .

28

Plaintiff argues that his enlistment is *void ab initio* on the basis of the recruiter's misconduct and that therefore the military court lacks jurisdiction over him. In support of his contention, plaintiff relies upon *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650 (1975). In *Russo*, the Court of Military Appeals held that an enlistment is *void ab initio* for the purposes of the Uniform Code of Military Jurisdiction, where a recruiter's misconduct amounts to a violation of the fraudulent enlistment statute.[5]

■ In support of defendants' motion for summary judgment, defendants rely upon *In re Grimley*, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890), and the 1979 amendment to Article 2 of the U.C.M.J., 10 U.S.C.A. § 802.[6] In *Grimley*, the Supreme Court held that voluntariness and capacity are the only two requirements for a valid enlistment. *Grimley, supra*, at 151–153, 11 S.Ct. at 54–55. Thus, the Court rejected the petitioner's claim that his enlistment was void *ab initio* because he misrepresented his age to the army recruiter and therefore did not meet the age requirement at the time of his enlistment. In November, 1979, Congress specifically addressed the issue of the effect of recruiter misconduct on resulting enlistments and amended Article 2 of the U.C.M.J., 10 U.S.C.A. § 802(a), to overrule the *Russo* doctrine and codify the enlistment validity test of *Grimley*. Plaintiff contends that to apply the 1979 amendment to the present case would be unconstitutional, and that the amendment must be applied prospectively in order to avoid being classified as an *ex post facto* law.[7] Defendants contend, *inter alia*, that military status *per se* is not punishment; no *ex post facto* argument can therefore be made with respect to the application of the statute to determinations of military status; and that under the U.C.M.J., as amended, plaintiff became a member of the military upon taking the oath of enlistment. We need not reach the merits of plaintiff's and defendants' contentions since the concept of comity between civilian and military courts mandates that this court refrain from exercising equitable jurisdiction in this matter until the military court system has had the opportunity to hear and fully adjudicate the claims.

■■ It is well settled that the writ of habeas corpus is an appropriate remedy for servicemen who claim to be unlawfully retained in the armed services. *Parisi v.*

5. Article 84, Uniform Code of Military Justice, 10 U.S.C.A. § 884 (1956), Unlawful enlistment, appointment, or separation.

Any person subject to this chapter who effects an enlistment or appointment in or a separation from the armed forces of any person who is known to him to be ineligible for that enlistment, appointment, or separation because it is prohibited by law, regulation, or order shall be punished as a court martial may direct.

6. Article 2, Uniform Code of Military Justice, 10 U.S.C.A. § 802 (1956) (amended 1979), Persons subject to this chapter.

(a) The following persons are subject to this chapter: . . .

(b) The voluntary enlistment of any person who has the capacity to understand the significance of enlisting in the armed forces shall be valid for purposes of jurisdiction under subsection (a) of this section and a change of status from civilian to member of the armed forces shall be effective upon the taking of the oath of enlistment.

(c) Notwithstanding any other provision of law, a person serving with an armed force who

(1) submitted voluntarily to military authority;

(2) met the mental competency and minimum age qualifications of sections 504 and 505 of this title at the time of voluntary submission to military authority;

(3) received military pay or allowances; and

(4) performed military duties; is subject to this chapter until such person's active service has been terminated in accordance with law or regulations promulgated by the Secretary concerned.

7. U.S.Const. art. I, § 9, cl. 3. No Bill of Attainder or *ex post facto* law shall be passed. *Id.* An ex post facto law has been defined as any statute which punishes an act previously committed, which was innocent when the act was done, or increases the punishment for a crime after its commission, or deprives one charged with a crime of any defense available at the time when the act was committed. *Beazell v. Ohio*, 269 U.S. 167, 169 70, 46 S.Ct. 68, 70 L.Ed. 216 (1925).

*Davidson*, 405 U.S. 34, 39, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); *Schlanger v. Seamans*, 401 U.S. 487, 489, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971); *Oesterich v. Selective Service Board*, 393 U.S. 233, 235, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). However, the Supreme Court has stated that considerations requiring non–intervention in military proceedings are analagous to and as compelling as considerations of comity precluding equitable intervention in state criminal proceedings. *Gusik v. Schilder*, 340 U.S. 128, 131, 71 S.Ct. 149, 95 L.Ed. 146 (1950). Military courts, like state courts, have the same responsibilities and are equally as capable as the federal courts to protect a person's constitutional rights. *Burns v. Wilson*, 346 U.S. 137, 143, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

It is the opinion of this court that the military tribunal is capable of addressing the jurisdictional issue in the instant case. The Supreme Court has faced situations in which servicemen have requested a writ of habeas corpus when court–martial proceedings were pending, and the petitioner claimed that the military courts lacked jurisdiction. In *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), a serviceman sought to enjoin court martial proceedings on the grounds that the offenses he was charged with were not "service connected", and therefore were not within the jurisdiction of the military courts. The court declared that comity barred intervention of the federal courts while court martial proceedings were pending. The Supreme Court stated that military courts are as capable as civilian courts to determine whether the offenses were "service connected". If the military courts found that the offenses were not service connected, the tribunal would have to order dismissal of the charges, since it would lack subject matter jurisdiction. *Schlesinger v. Councilman, supra*, at 761, 95 S.Ct. at 1315; *Accord: Apple v. Greer*, 554 F.2d 105 (3d Cir. 1977); *Sedivy v. Richardson*, 485 F.2d 1115 (3d Cir. 1973). In the instant case, plaintiff can raise the jurisdictional issue before the military court.

Plaintiff's requests for mandamus and declaratory judgment are dependent upon this court's granting or denial of habeas corpus relief to the plaintiff. Since we have determined that the proper forum for considering plaintiff's habeas corpus claim is in the military courts, this court will not consider plaintiff's requests for mandamus and injunctive relief.

█ Finally, plaintiff's claim for injunctive relief is without merit. Hodges alleges that the defendants threaten him with irreparable injury by maintaining him in their custody against his will in violation of his right of due process and by subjecting him to immediate prosecution before a military tribunal without the constitutional safeguards of bail and a trial by jury. It is well settled, however, that when a serviceman charged with crimes by military authorities can show no harm other than that attendant to resolution of his case in the military court system, the federal court must abstain from intervening by way of injunctive relief. *Schlesinger v. Councilman, supra*, at 758, 95 S.Ct. at 1313; *see Apple v. Greer, supra; Sedivy v. Richardson, supra*.

## On Motion For Injunction Pending Appeal

Plaintiff had brought this action alleging that his enlistment is void, asking that defendants be prevented from disciplining him for unauthorized absences from duty, and asking that he be given an honorable discharge. By Opinion and Order dated August 15, 1980, we granted the defendants' motion to dismiss the plaintiff's complaint. Presently before the court is a motion by the plaintiff to enjoin the defendants from removing plaintiff from this jurisdiction pending the hearing and determination of plaintiff's appeal to the United States Court of Appeals for the Third Circuit.

An application for an injunction during the pendency of an appeal is made in the first instance in the district court. Rule 8(a) Federal Rules of Appellate Procedure. Thus, Hodges' motion to restrain the defendants from removing him from this jur-

isdiction pending his appeal is properly before this court.

■ We must examine the same considerations to grant or deny a motion for an injunction pending appeal as we would for the issuance of a preliminary injunction. Hodges must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to other interested persons, and (4) absence of harm to the public interest. *Hickey v. Commandant of the Fourth Naval District, et al*, 464 F.Supp. 374 (E.D.Pa. 1979), *aff'd without opinion*, 612 F.2d 572 (3d Cir. 1979). Plaintiff has failed to sustain his burden.

■ The plaintiff's motion is based "[u]pon the complaint and all the affidavits and other papers filed, and all the proceedings heretofore had herein . . .". Plaintiff has not filed any memorandum of law in support of his motion.

We do not believe that Hodges will prevail on the merits of his appeal. The courts generally accord deference to the various branches of the service in interpreting their own regulations. *Hickey v. Commandant of the Fourth Naval District, supra*, at 376. See also *Keister v. Resor*, 462 F.2d 471, 474–75 (3d Cir.), *cert. denied*, 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 151 (1972). In our Opinion and Order dated August 15, 1980, we held that the military courts are as capable as the federal courts to protect a person's constitutional rights.

Hodges has failed to show irreparable injury if the stay is not granted. Hodges complains that if the stay is not granted, the Navy will remove him from this jurisdiction and subject him to military prosecution. Further, that he must remain in Philadelphia to aid in the preparation of his case. These facts do not give rise to irreparable harm. The United States Supreme Court has held that "when a serviceman charged with crimes by military authorities can show no harm other than that attendant to resolution of his case in the military court system, the federal courts must refrain from intervention, by way of injunc-

tion or otherwise". *Schlesinger, Secretary of Defendant, et al v. Councilman*, 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

Hodges has also failed to prove the remaining two considerations. He has not shown that an injunction against his removal from this jurisdiction would not be harmful to the Navy and contrary to the public interest. The real harm in this case by the granting of an injunction would be the court's interference with military affairs. Courts have been very reluctant to intervene in military matters. *Orloff v. Willoughby*, 345 U.S. 83, 94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953); *Hickey v. Commandant of the Fourth Naval District, supra* 464 F.Supp. at 377. Public interest mandates the elimination of unnecessary friction between the civilian and military judicial systems. The issuance of an injunction would be contrary to that principle.

Hodges has failed to prove to the court that he is entitled to a stay of his transfer from this jurisdiction and from military prosecution pending his appeal.