**NADINE JONES, et al., Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 1984-47

District Court of the Virgin Islands

Div. of St. Croix

February 9, 1990

LaVONNE THOMPSON, ESQ., Legal Services of the Virgin Islands, St. Croix, V.I., *for plaintiffs*

GERALD SIMS, JR., ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for defendant*

CAHN, *District Judge*

## BENCH OPINION

Before the court is the application of the plaintiffs for an emergency hearing and a temporary restraining order requiring the Government of the Virgin Islands to allow Matson Massiah and Johnny Ramos to remain in their present educational setting pending the outcome of an appeal from the order of Magistrate Geoffrey W. Barnard dated January 24th, 1990.

The underlying issue in this controversy involves the obligation of the government to provide educational opportunities to mentally handicapped individuals, under the Education of the Handicapped Act, 20 U.S.C.A. §§ 1400–1485 (West 1978 and Supp. 1989), and the law of the Virgin Islands, V.I. Code Ann. tit. 17, §§ 281–295 (Supp. 1989).

Following litigation which began in 1984, the government was ordered to provide educational opportunities for Massiah and Ramos in institutions off of the Virgin Islands and within the continental United States.

The plaintiffs, on behalf of Massiah and Ramos, moved in 1989 for an order awarding those individuals compensatory educational services beyond the age of 21 years. This claim was based on the contention that the government was dilatory in providing appropriate instruction to Massiah and Ramos. After considering the matter, Magistrate Barnard entered an order denying plaintiffs' motion. This order was dated January 24th, 1990.

In its present posture, this matter is exceedingly complex. There is some confusion regarding Magistrate Barnard's status in this case. Magistrate Barnard originally was appointed as a Special Master pursuant to Fed. R. Civ. P. 53, by order of Judge O'Brien dated November 14, 1986. Thereafter, Magistrate Barnard made reports and recommendations to Judge O'Brien.

However, at some point, and with the acquiescence of the parties, Magistrate Barnard began to enter orders instead of recommenda-

tions, as if he had authority to exercise jurisdiction over all proceedings in the case, under Fed. R. Civ. P. 73 and 28 U.S.C.A. § 636(c) (West Supp. 1989). The decision of Magistrate Barnard denying compensatory educational services is in the form of an order, not a report and recommendation.

This distinction is important for the appellate process. If the January 24th, 1990 action is an order by a magistrate acting pursuant to Fed. R. Civ. P. 73, then the normal route of appeal would be to the Third Circuit Court of Appeals pursuant to Rule 73(c). On the other hand, if the January 24th, 1990 action by Magistrate Barnard is a recommendation and report, then any objections to the report should be brought before the district judge.

■ At the hearing scheduled in this matter, counsel for the plaintiffs took the position that while the case was originally assigned to Magistrate Barnard as a Special Master, it was later referred to him as a magistrate, pursuant to Rule 73, by acquiescence of the parties. The government does not contest this contention. Therefore, I hold that Magistrate Barnard was sitting by reference pursuant to Rule 73. This holding is less than certain because the parties did not follow the formalities prescribed by the rules and statute. Nevertheless, on balance, what happened appears to be closer to a reference pursuant to Rule 73 than an assignment pursuant to Rule 53.

Since I have held that Magistrate Barnard's order of January 24th, 1990 was entered pursuant to Rule 73, then the appeal from that order must be taken directly to the Court of Appeals pursuant to Rule 73(c).

■ Although no appeal before that court is pending, a notice of appeal and a motion for a stay were filed in this court on January 29th, 1990, appealing to this court from the January 24th, 1990 order of Magistrate Barnard. That appeal is a nullity. However, the plaintiffs are still within the appropriate time limit to appeal the January 24th order to the Court of Appeals for the Third Circuit. Therefore, I will treat the plaintiffs' motion for a temporary restraining order and their motion for a stay, together, as an application for a stay pending appeal to the Court of Appeals for the Third Circuit, pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

■ Because this is an emergency matter and because my tenure in this district is limited by time constraints, I have not had an opportunity to research whether or not the application for a stay under

Fed. R. App. P. 8 should be directed to Magistrate Barnard or to this court. My cursory research on this issue, however, leads me to conclude that both Magistrate Barnard and this court would have concurrent jurisdiction to grant a stay. Therefore, I hold that the District Court has concurrent jurisdiction with Magistrate Barnard to deal with the stay issue.

Turning now to the merits of the application for a stay, I hold that the stay should be denied. This will result in the return of the two young adults to St. Croix on or about February 9th of this year.

■ The standard for determining whether or not a stay should be issued is similar to the standard of whether or not a preliminary injunction should issue. Hodges v. Brown, 500 F. Supp. 25, 30 (E.D. Pa. 1980), aff'd, 649 F.2d 859 (3d Cir. 1981). The plaintiffs in this case have failed to make the necessary showing that a stay is appropriate.[1]

There is some basis to think that the plaintiffs may be successful on appeal. As I stated during the hearing, I think it is in doubt that a plaintiff in this type of case must prove bad faith to entitle her to an award for compensatory educational services beyond the age of 21, especially where the government acted with ineptitude. As numerous courts of appeals have noted, delays in deciding individual educational programs or plans are common. And, to compensate successful petitioners, it is often appropriate to award additional educational opportunities beyond the age of 18 years or 21 years whichever may apply. See e.g., Board of Educ. v. Breen, 853 F.2d 853, 857–58 (11th Cir. 1988); Miener v. Missouri, 800 F.2d 749, 753–54 (8th Cir. 1988).

■ Although there is some likelihood of success on the merits, the other criteria for the issuance of a preliminary injunction have not been met here. There has been no showing of irreparable harm. There has been no showing that, on balance, the interest of the plaintiffs in receiving the stay greatly outweighs the interest of the defendant in not having the stay entered. Finally, the public interest supports a denial of the stay, because to grant the stay would require the government to take funds from other children and apply them to

---

[1] Specifically, to obtain a stay pending appeal, the movant must show: (1) likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) absence of substantial harm to other interested persons; and (4) absence of harm to the public interest. Hodges, 500 F. Supp. at 30.

the benefit of these plaintiffs. If the plaintiffs win on appeal, then the Government of the Virgin Islands will be able to secure additional funds from the federal government through the normal requisition process.

An order will be entered denying the plaintiffs' application for a stay.

## ORDER

AND NOW, this 9th day of February, 1990, in consideration of the plaintiffs' motion for a temporary restraining order and motion for a stay pending appeal, and after a hearing before this Court on February 6, 1990,

IT IS ORDERED that the motions are DENIED.