**THE BANK OF NOVA SCOTIA, Plaintiff**

**v.**

**ARTHUR PEMBERTON, MABEL M. PEMBERTON, THE SMALL BUSINESS ADMINISTRATION OF THE UNITED STATES OF AMERICA, and THE CHASE MANHATTAN BANK, N.A., Defendants**

Civ. No. 1995-66

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 7, 1997

MATTHEW J. DUENSING, ESQ, St. Thomas, U.S.V.I., *for Plaintiff*

ARTHUR PEMBERTON, St. Thomas, U.S.V.I., *Pro Se*

SELWYN S.C. WALTERS, ESQ., (Law Offices of Frazer & Williams), St. Thomas U.S.V.I, *for Defendant Mabel M. Pemberton*

CLARENCE B. TAYLOR, ESQ., (Assistant United States Attorney), St. Thomas, U.S.V.I., *for Defendant/Cross-Claimant Small Business Administration*

NANCY E. DESIMONE, ESQ., (Dudley Clark & Chan), St. Thomas, U.S.V.I., *for Defendant/Cross-Claimant Chase Manhattan Bank, N.A.*

MOORE, *Chief Judge*

## MEMORANDUM

Defendant Arthur Pemberton ["defendant" or "Pemberton"] has filed a motion for stay of judgment pending appeal. Defendant asks the Court to stay the enforcement of the judgment of the court entered on November 26, 1996, pending the disposition of his appeal to the United States Court of Appeals for the Third Circuit. Defendant also requests that the Court waive the requirement of a supersedeas bond. Defendant's motion for a stay of the enforcement of the judgment and for waiver of the supersedeas bond requirement will be denied.

## I. Issuance of Stay Pending Appeal

To determine whether defendant is entitled to a stay under Rule 62(d), the Court must assess: "(1) whether [Pemberton] has made a strong showing that [he] is likely to succeed on the merits; (2) whether [Pemberton] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987); *Standard Havens Products Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 512 (Fed.Cir.1990); *Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996). Where the latter three factors favor a stay, defendant need only demonstrate a "substantial case on the merits" to warrant issuance of a stay under Rule 62(d). *Morgan Guaranty Trust Co. v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988), citing *Washington Metropolitan Transit Commission v. Holiday Tours, Inc.*, 182 U.S. App. D.C. 220, 559 F.2d 841, 843 (D.C.Cir. 1977). The Court finds that Pemberton has failed to demonstrate even a "substantial case on the merits," let alone a "strong showing," with regard to its likelihood of success on the merits of an appeal. In his affidavit accompanying his motion for a stay, defendant states, without explanation, "my claim is meritorious and I am confident that I

will prevail on appeal." The Court does not share in defendant's confidence. Defendant has provided the Court with no showing that error was committed in resolving this case. Defendant presents no new arguments as to why the summary judgment granted by the Court against defendant was improper. From the pleadings currently before the Court, it can only be assumed that defendant intends to base his appeal on the same arguments which this Court considered and rejected when summary judgment was granted in plaintiff's favor against the defendant. Those arguments possess no more merit now then they did previously. Defendant has failed to make a strong showing that he will succeed on appeal.

Although defendant fails to address the other factors necessary for a stay, the Court will address them briefly. The Court agrees that defendant will be injured, perhaps irreparably, absent the granting of a stay. However, the Court also finds that the other parties will be injured by the issuance of a stay, to the extent that the ultimate resolution of this case will be delayed while an appeal utterly lacking in merit is pursued, wasting further time, effort and money. Similarly, the public interest weighs against issuing a stay, in that the public interest is served neither by a court system clogged with meritless appeals nor by the waste of property which could otherwise be placed into the stream of commerce and put to use by a new owner. For these reasons, the Court finds that the applicable factors weigh against defendant and his motion for a stay will be denied.

## II. Supersedeas Bonds

Even assuming, *arguendo*, that Pemberton is entitled to a stay under Rule 62(d) of the Federal Rules of Civil Procedure, his motion would fail because Pemberton has not proposed a plan to provide security that would adequately protect the interest of plaintiff and the cross-claimants Small Business Administration and Chase Manhattan Bank pending appeal.[1]

---

[1] Although the Small Business Administration and the Chase Manhattan Bank were situated as defendants in this case, they are more properly considered prevailing parties in this case. Neither party disputed that the Bank of Nova Scotia held a first-priority lien in this case. They merely asked that the priority of their respective liens be determined by the Court. The Court determined that the Small Business Association held a second priority

■ At first glance, the language of Fed.R.Civ.P. 62(d) implies that giving a bond is necessary step in order obtaining a stay. Although the Court of Appeals for the Third Circuit has not ruled on the issue of whether the district judge can act within his own discretion to grant a stay without a bond or with a modified bond, the predominant and more persuasive view is that Rule 62(d) permits this discretion. *See Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D.Pa. 1993). Courts of appeal in several other circuits, and lower courts in this circuit, have adopted this discretionary view of Rule 62(d). *See, e.g., Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559-60 (10th Cir. 1996); *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989); *Poplar Grove Planting and Refining Co. Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987); *Federal Prescription Serv., Inc. v. American Pharm. Assoc.*, 205 U.S. App. D.C. 47, 636 F.2d 755, 758 (D.C. Cir. 1980); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D.Pa. 1993); *United States v. Aspar Constr. Co.*, Nos. CIV.A. 85-0459, 85-0939, 85-1936, 85-3873, 85-5370, 85-0600, 1988 WL 24149, at *1-*2 (D.N.J. March 16, 1988), *aff'd* 853 F.2d 923 (3d Cir.1988); *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D.Pa. 1981), *aff'd*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991, 74 L. Ed. 2d 387, 103 S. Ct. 347 (1982); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 520 (E.D.Pa. 1973).

The power of the court to waive the supersedeas bond requirement is exercised, however, only in "extraordinary circumstances," and only where alternative means of securing the judgment creditor's interest are available. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 1992 WL 114953 at *1-2 (E.D.Pa.); *Morgan Guaranty Trust v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988) (the district court has discretion to grant a stay of judgment

lien, while the Chase Manhattan Bank held a third priority lien. Since these parties did not dispute their place, but only sought to have their liens determined valid by the Court, they are properly characterized as prevailing parties for the purposes of this motion. More importantly, in an appeal of the judgment of this case, they would be forced to defend against any claims brought by Pemberton. Therefore, when the Court uses the term "prevailing parties," that term encompasses the Bank of Nova Scotia, the Small Business Administration and Chase Manhattan Bank.

with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery). It is Pemberton's burden to demonstrate that posting a full bond is impossible or impracticable, and to propose a plan that will provide adequate security for the appellee. *Id.*

The Court has little difficulty concluding that it is impossible for Pemberton to post bond. This case, after all, arose from the failure of Pemberton to remain current on several mortgages. The Court finds no reason to doubt Pemberton's statements in his affidavit accompanying his motion which states that he has been recovering from a major stroke which prevents him from being gainfully employed, and that he is without funds to pay an attorney to pursue his appeal, or to pay the required fee for filing his appeal.

In cases in which courts have determined that it would be impossible for a party to post a full bond, the courts were faced with two alternatives: they could either allow the party to post some form of alternate security, or deny the stay and allow the execution of the judgment. *See, e.g., Olympia Equipment v. Western Union Telegraph Co.,* 786 F.2d 794, 797 (7th Cir. 1986). A court can, in its discretion, "fashion some other arrangement for substitute security . . . which would furnish equal protection to the judgment creditor." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979) (emphasis added); *see also, U.S. v. Kurtz,* 528 F. Supp. 1113, 1114 (E.D.Pa. 1981), *aff'd,* 688 F.2d 827 (3d Cir.), *cert. denied,* 459 U.S. 991, 74 L. Ed. 2d 387, 103 S. Ct. 347 (1982) (Rule 62(d) "plainly dictates that in the ordinary case execution on a judgment for money should not be stayed unless the party that prevailed in the district court is secured from loss."). Thus, the issue is one of the adequacy of alternate security to protect the prevailing parties' interests. *Olympia Equipment,* 786 F.2d at 797.

Although the Court is satisfied that defendant's financial condition is such that it is unable to post a full bond, Pemberton has utterly failed to satisfy his burden of proposing a plan to provide adequate alternate security for the prevailing parties. By his own admission, Pemberton lacks the funds to post bond. There are now three creditors seeking satisfaction of their debts from the foreclo-

337

sure of the property in question. It is likely that the value of the property may not be sufficient to satisfy the debt owed by Pemberton to all three creditors. For this reason, it is Pemberton's responsibility to offer some additional form of security. If the appeal were to proceed without such security, Pemberton would be allowed to increase the costs incurred by his creditors, without providing any reasonable means for them to ultimately recoup those costs.

Defendant's position seems to be that because he is in dire financial straits, and because the prevailing parties are all financially secure, the Court should not be concerned with protecting their interest in collecting the judgment but should instead focus all our attention on protecting Pemberton. What defendant fails to understand is that a supersedeas bond is essentially a "judgment insurance policy," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 797 (9th Cir.1989), and that alternate security must serve that same basic purpose. Even large, financially secure parties have a legal right to collect judgments they have won in litigation.

At this stage, Pemberton has provided no new evidence or theory showing why he is likely to succeed on appeal. The Court can only conclude that an appeal would likely consume additional time and resources, and ultimately end with the creditors as the prevailing parties. It would be inequitable to require the creditors to incur additional expenses, without some guarantee, either in the form of a supersedeas bond or other security, that their expenses will be repaid and the judgment collected if they ultimately prevail. Since Pemberton has shown neither the likelihood of his success nor any alternate form of security, his motions will be denied.

## III. Conclusion

The Court finds that Pemberton is not entitled to a stay of execution of judgment pending appeal because of his failure to demonstrate a likelihood of success on the merits of its appeal. Furthermore, even if a stay were appropriate and the Court were to agree that Pemberton was financially unable to post a supersedeas or cash bond for the full amount of the judgment, he has made no effort to provide any alternate security to protect the prevailing

parties' ability to collect their judgments. Accordingly, the Court will not waive the requirement and defendant's motion to stay execution of judgment pending appeal and for waiver of the supersedeas bond requirement will be denied.

ENTERED this 7th day of May, 1997.

## ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that defendant Arthur Pemberton's motion for a stay of judgment pending appeal and request for a waiver of the requirement of a supersedeas bond is DENIED.

ENTERED this 7th day of May, 1997.