

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# Kamari Lewis v. Richard Abbott

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kamari Lewis v. Richard Abbott" (2008). *2008 Decisions*. Paper 71.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/71

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3764
_____

VONCELLE ANTHONY;
KAMARI LEWIS

v.

RICHARD ABBOTT;
MAZDA MOTOR OF NORTH AMERICA,
d/b/a MAZDA NORTH AMERICAN OPERATIONS

Mazda Motor of North America,
d/b/a Mazda North American Operations, and
Bruce P. Bennett, Esquire,

Appellants pursuant to F.R.A.P. 12(a).
_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 99-cv-00078)
District Judge: Curtis V. Gomez
_____

Argued December 9, 2008

Before: FISHER, JORDAN and STAPLETON, *Circuit Judges*,

(Filed: December 19, 2008)
_____

1

Bruce P. Bennett   [ARGUED]
Hunter, Cole & Bennett
1138 King Street - #301
Christiansted, St. Croix
Virgin Islands 00820
       *Counsel for Appellant*

Joseph Caines   [ARGUED]
19A-20 Kongens Gade
P.O. Box 307007
Charlotte Amalie, St. Thomas
Virgin Islands   000803
       *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Mazda Motor of America, Inc. ("Mazda") and its counsel, Bruce P. Bennett, appeal from the decision of the District Court of the Virgin Islands of the United States affirming a Magistrate Judge's Order awarding sanctions against Bennett and dismissing all remaining motions in this case without prejudice.  Because we conclude that the District Court correctly determined that Mazda lacked standing to appeal the sanctions against Bennett, and we otherwise find no error in the District Court's decision, we will affirm.

## I.    Background

This case arises out of the settlement of claims stemming from a motor vehicle accident between Voncelle Anthony, who was driving a Mazda B3000 pickup truck, and

Richard Abbott. When Anthony's and Abbott's vehicles collided, Anthony's driver's side airbag deployed, injuring her and her minor son, Kamari Lewis.[1] *Anthony v. Mazda Motor of America, d/b/a/ Mazda North American Operations*, 2007 WL 5083335, *1 (D. V.I. Aug. 20, 2007). Anthony filed suit against Abbott and included a products liability claim against Mazda. Although Abbott settled, it appeared the case would continue to trial on the claim against Mazda. However, during a final mediation on March 30, 2006, Anthony and Mazda reached a settlement (the "Settlement Agreement"), pursuant to which Mazda took responsibility for drafting a "full release of all claims, with an incorporated confidentiality clause" to be signed by Anthony. (App. at 17.)

Mazda drafted the release in a fashion that disposed of all of Anthony's claims against Mazda and purported to do more: it would have discharged any claims Anthony might have against entities that were neither parties to the action nor the Settlement Agreement, including the Tokyo Marine and Nichido Fire Insurance Company, Ltd., TM Claims Service, Inc., the Ford Motor Company, Plaza Motors Corporation, and all suppliers of parts to the subject vehicle. Despite Mazda's efforts to explain why it considered the form of release necessary to protect its interests, Anthony believed that the release went beyond the Settlement Agreement and refused to sign it.

---

[1] Anthony had initially filed a lawsuit on Lewis's behalf but, prior to trial, Lewis reached the age of majority and, on a motion by Anthony, the District Court dismissed Lewis from the suit without prejudice on March 30, 2006.

When further discussions failed to result in an agreed-upon release, Anthony filed a motion to compel Mazda to redraft the release or, in the alternative, for a trial date. She also filed a motion for sanctions against Mazda's counsel, Bennett, specifically seeking payment for costs, expenses, and attorneys' fees in conjunction with the post-settlement motion practice. Mazda opposed the sanctions motion. The District Court docket does not reflect that Bennett himself filed any opposition to the sanctions motion.

In a March 9, 2007, Order, a Magistrate Judge directed Mazda to draft a release "exclusive of non-parties" and granted Anthony's sanctions motion "as it related to the post-settlement motions."[2] (App. at 21, 22.) Mazda timely appealed that order to the District Court. The District Court then *sua sponte* raised the issue of Mazda's standing and concluded that Mazda could not contest the award of sanctions because the sanctions had been imposed on Bennett, not Mazda. In an August 20, 2007, Memorandum Opinion and Order, the District Court dismissed Mazda's appeal as it related to sanctions. Additionally, the District Court dismissed other pending motions without prejudice. Mazda then timely appealed to us.

---

[2]The Magistrate Judge's order also awarded Anthony interest on the settlement award. The District Court vacated that portion of the order, but the Court then made a *de novo* determination that such an award was appropriate. *See Anthony*, 2007 WL 5083335 at *3-4. No part of that determination is before us on this appeal.

4

## II. Jurisdiction and Standards of Review

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332 and 48

U.S.C. § 1612(a) . We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our

review of issues of standing is plenary. *See Goode v. City of Philadelphia*, 539 F.3d 311,

316 (3d Cir. 2008). We review a district court's decision to award sanctions for abuse of

discretion. *See In re Prudential Ins. Co. Sales Practice Litig. Agent Actions*, 278 F.3d

175, 181 (3d Cir. 2002).

## III. Discussion

The District Court correctly concluded that Mazda does not have standing to

challenge the award of sanctions against Bennett.[3] We generally will not review a party's

---

[3]While Bennett himself is named as a party to this appeal, he did not appeal the
Magistrate Judge's order to the District Court. Bennett argues that his failure to appeal
the sanctions order to the District Court should not prevent him from being a party to this
appeal. We need not decide that issue, however, because even if he has a right to be
before us, Bennett did not present to the District Court the arguments he now presents to
us. The Magistrate Judge's order states that the "plaintiff's motion for sanctions as it
related to the post-settlement motions is granted." (App. 22.) That order put Bennett on
notice that the sanctions motion, which by its terms sought sanctions solely against him,
had been granted. Even if we were to accept Bennett's premise that he did not understand
the Magistrate Judge's order to impose sanctions only on him, that must have changed
once the District Court issued an order denying Mazda standing. At that point, Bennett
had the lay of the land and an opportunity to request relief from the District Court, but he
failed to do so. There are no exceptional circumstances which persuade us to disregard
the general rule that we will not consider on appeal issues that were not raised before the
district court. *See Continental Cas. Co. v. Dominick D'Andrea Inc.*, 150 F.3d 245 (3d
Cir. 1998) (declining to hear appeal from magistrate's sanctions order where party had
not appealed that order to the district court.) We therefore have no occasion to opine on
whether Bennett's conduct was sanctionable.

challenge to a sanctions order when the sanctions are levied only against the party's attorney. *Bartles v. Sports Arena Employees Local 137*, 838 F.2d 101, 104 (3d Cir. 1988). The attorney him or herself is, in that instance, the party in interest. In this case, it is true that the language used by the Magistrate Judge in his opinion granting Anthony's sanctions motion is imprecise, as he twice states that "Mazda will be sanctioned" (App. 21). However, the motion itself only sought sanctions against Bennett. Indeed, the motion invoked 28 U.S.C. § 1927, which is strictly a basis for sanctions against an attorney. *See* 28 U.S.C. § 1927 (applies only to "[a]n attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof."); *In re Prudential*, 278 F.3d at 188 (stating that "[section] 1927 sanctions are applicable only to an attorney") (citation omitted). Despite the somewhat confusing prefatory language, it appears that the Magistrate Judge intended to, and did, grant the motion as it was presented. That is how the District Court perceived it as well, since it concluded that the Magistrate Judge's order imposed sanctions only against Bennett.

Mazda has no pecuniary interest in the sanctions against Bennett and has no other basis for standing since this is not a circumstance in which Mazda's rights are inextricably intertwined with Bennett's so as to imbue Mazda with standing. *See Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1089 n.7 (3d Cir. 1988) ("[W]here the rights of the lawyer and the client are inextricably intertwined, the client may have standing to appeal a sanction order against the lawyer.")

6

(citing *Johnson v. Trueblood*, 629 F.2d 302 (3d Cir. 1980)). Because Mazda lacks

standing to appeal the sanctions order, we do not reach the merits of its argument.[4]

## IV. Conclusion

For the foregoing reasons, we will affirm.

---

[4]Mazda also contends that the District Court improperly denied its motion for costs and fees as a prevailing party over Anthony's son, under section 541 of Title 5 of the Virgin Islands Code. Under section 541, a court may award costs or exercise its discretion to award attorney's fees to a prevailing party. The decision to award costs or attorney's fees is entirely discretionary. *See Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). We cannot say that the District Court abused its discretion in dismissing Mazda's motion for costs or fees, particularly when Mazda's status as a "prevailing party" remains open to dispute.