**LOUISE COURTNEY, Plaintiff/Appellee**
**v.**
**JOHN J. O'CONNOR, Defendant/Appellant**

Case No. ST-10-CV-300
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
July 23, 2010

LOUISE COURTNEY, St. Thomas, USVI, *Pro se.*

JOHN J. O'CONNOR, St. Thomas, USVI, *Pro se.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

### (July 23, 2010)

**THIS MATTER** is before the undersigned on an appeal from the June 7, 2010 Judgment of the Magistrate Division in a forcible entry and detainer action. Presently before the Court are: 1) the "Motion for Appeal and Stay of Eviction" ("Motion to Stay") filed by Defendant/Appellant John J. O'Connor ("Mr. O'Connor" or "Appellant"); and 2) the "Motion to Deny Appeal; Request Removal of Tenant" ("Motion for Execution") filed by Plaintiff/Appellee Louise Courtney ("Ms. Courtney" or "Appellee").[1] The Court will grant Ms. Courtney's motion in part and deny Mr. O'Connor's motion.

---

[1] On July 15, 2010, Appellee filed another document styled as "Motion to Deny Appeal; Request Removal of Tenant; Deny Further Delay Tactics of Defendant." However, there is no indication that Appellee served a copy of this document on Appellant as required by SUPER CT. R. 7 and FED. R. CIV. P. 5(a)(1)(D). Therefore, the Court will not consider this document in deciding the motions listed above.

## I. Factual and procedural background.

This case was initiated in the Magistrate Division of this Court on May 19, 2010 when Ms. Courtney filed a *pro se* action for eviction against Mr. O'Connor. Upon assignment of this case to Magistrate Mackay, she set the matter for a hearing on June 1, 2010. Ms. Courtney attended the hearing and presented the Court with a copy of a hand-written lease agreement executed by both parties, wherein she leased the premises known as 3810 Pineapple Village, St. Thomas, Virgin Islands ("Subject Premises") to Mr. O'Connor. Mr. O'Connor appeared and defended against the action *pro se*.

After reviewing the documentary evidence and hearing the testimony and arguments presented by both parties, Magistrate Mackay concluded that a valid lease existed between the parties for the Subject Premises, and that the lease was effective as of December 20, 2009, for a period of six (6) months and required Mr. O'Connor to pay rent at a rate of $795 per month. She also found that Mr. O'Connor had tendered to Ms. Courtney an amount equivalent to six months of payments at the aforesaid rate, but that a portion of what Mr. O'Connor tendered to Ms. Courtney was for a security deposit. Therefore, the Magistrate concluded that Mr. O'Connor was in arrears on his rental obligations. Finally, she found that Ms. Courtney timely served a notice to quit on Mr. O'Connor.

Based on the foregoing, Magistrate Mackay issued the Judgment directing restitution of the Subject Premises to Ms. Courtney, but stayed execution until June 20, 2010, which was the date on which the lease expired. The Judgment also directed that Mr. O'Connor remove a two-burner stove from the Subject Premises. The Judgment was entered on June 7, 2010, and Mr. O'Connor filed his Motion to Stay with the Clerk of the Court on June 18, 2010.

In his Motion to Stay, Mr. O'Connor sets out several allegations that are not germane to the instant decision of this Court. However, Mr. O'Connor does state that "I have requested transcript of proceedings of June 1, 2010 and request that hearing be delayed until I have had sufficient time to review transcript." He also requests that Ms. Courtney pay for all of the costs of this action. In her Motion for Execution, Ms. Courtney alleges that Mr. O'Connor has not paid any appeal bond and that although the time for him to vacate the premises under the Judgment has expired, he retains possession of the Subject Premises.

Ms. Courtney also "requests sheriff be permitted to evict and remove tenant from premises" and "requests lien on tenants personal property until monies due are paid in full."

Subsequent to Appellant filing his Motion to Stay, on July 9, 2010 Magistrate Mackay ordered Mr. O'Connor to post a supersedeas bond of One Hundred Dollars ($100.00). The record reflects that Appellant was served this order on July 15, 2010. It does not appear from the record that Mr. O'Connor posted the supersedeas bond.

## II. Legal analysis.

### a. Jurisdiction.

■ The Supreme Court of the Virgin Islands held in *H. & H. Avionics, Inc. v. V.I. Port Authority*, 52 V.I. 458 (2009), that when a party is not satisfied with a decision of the Magistrate Division of this Court, that party may not appeal the magistrate's decision directly to the Supreme Court, but must first appeal the decision to a Superior Court Judge.[2] *See* V.I. CODE ANN. tit. 4, § 125 ("All appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law."). Because the undersigned is sitting in an appellate capacity, the first duty is to confirm that jurisdiction exists to hear this appeal. *E.g., Davis v. Allied Mortgage Capital Corp.*, 53 V.I. 490 (2010); *Anthony v. Mazda Motor of Amer.*, 49 V.I. 560, 563-564 (D.V.I. App. Div. 2007), *aff'd sub nom. Anthony v. Abbott*, 304 Fed. Appx. 66 (3rd Cir. 2008).[3]

■ Under the Rules of the Superior Court promulgated to give effect to the provisions of 4 V.I.C. §§ 125 and 126, "Petitions for review under this section must be filed with the Clerk of the Court within ten (10) days of the date of entry of the order sought to be reviewed and a copy served on the opposing party." *In re Order Establishing Interim Procedure for Review of Magistrate Decisions*, Case No. ST-09-MISC-30, § 2(b) (V.I. Super. Ct. Dec. 31, 2009). The Judgment of this Court was entered on

---

[2] The exception to this general rule is that cases decided by Superior Court magistrates pursuant to 4 V.I.C. § 123(d) may be appealed directly to the Supreme Court. 52 V.I. at 460.

[3] The Magistrate Division had authority to hear the forcible entry and detainer action pursuant to 4 V.I.C. § 123(a)(6).

7

June 7, 2010. The record indicates that Mr. O'Connor filed his Motion to Stay on June 18, 2010[4], and paid the requisite filing fee as required by *In re Order Establishing Interim Procedure for Review of Magistrate Decisions, supra* at § 2(c), on the same date. Pursuant to SUPER. CT. R. 9, because the timeframe for Appellant to file and serve his notice of appeal ". . . is less than eleven days, intermediate Saturdays, Sundays and holidays shall be excluded from the computation." Therefore, Appellant had until June 21, 2010 to appeal the decision of the Magistrate Division, and this appeal was timely filed.[5]

██ ██ However, the rule governing appeals from the Magistrate Division also requires that the notice of appeal be served on the appellee. The Motion to Stay does not contain a certificate of service attesting that it was served on Ms. Courtney, but this Court does not view this oversight as divesting it of jurisdiction to hear the appeal. While the Rules of the Superior Court do not provide specifically whether the service requirement is jurisdictional, this tribunal notes that both the Virgin Islands Supreme Court Rules and the Federal Rules of Appellate Procedure expressly provide that the failure to properly serve the notice of the appeal, whether the obligation rests on the appellant or the clerk, does not affect the validity of an appeal. V.I.S.CT.R. 4(d); FED. R. APP. P. 3(d). In addition, the Court notes that, despite the lack of formal service of the Motion to Stay, Appellee obtained sufficient notice of Mr. O'Connor's filing to be able to file her own papers in opposition thereto. Given the foregoing, and the well-settled legal principle in this jurisdiction that the disposition of litigation on the merits is preferred, *see, Villa v. Lawrence*, 16 V.I. 541 (Terr. Ct. 1979) (noting that hearing cases on the merits is preferable to default proceedings), this Court will not construe the service portion of Rule 2(b) of *In re Order Establishing Interim Procedure for Review of Magistrate Decisions* as jurisdictional. Therefore, the failure of Appellant to serve its notice of appeal on Ms. Courtney does not warrant dismissal of this appeal. Though this

---

[4] Because Mr. O'Connor's Motion to Stay is also partially styled as a "Motion for Appeal" and he is acting *pro se*, the Court will treat his Motion to Stay as his petition for review under *Interim Rule* § 2(b). *See, e.g., United States v. Edwards*, No. 87-1191, 1988 WL 53218 (4th Cir. May 23, 1998) (a notice of appeal filed by a *pro se* litigant should be liberally construed).

[5] Because the Court determines Mr. O'Connor timely perfected his appeal, the portion of Ms. Courtney's Motion for Execution requesting a denial of Appellant's appeal, which the Court views as a motion to dismiss the appeal, will be denied.

failure may be a basis for the imposition of sanctions, because the Court is more lenient with *pro se* litigants, the Court will not impose sanctions in this instance.

### b. Ms. Courtney is entitled to a writ of restitution under the posture of this case.

This matter was before the Magistrate Division as a forcible entry and detainer action, and, under Virgin Islands law "Except as provided in this chapter and the rules of court, an action for forcible entry and detainer shall be conducted in the same manner as other civil actions." 28 V.I.C. § 784. As noted above, Magistrate Mackay's Judgment of June 7, 2010 was expressly stayed until June 20, 2010, which was the date of expiration of the lease. Mr. O'Connor now seeks an additional stay of his eviction, which is governed by the provisions of FED. R. CIV. P. 62(d) since it is not inconsistent with any rule of this Court. *See* SUPER. CT. R. 7. However, the Court concludes that he is not entitled to a further stay of execution.

 First, the Court notes that, absent unusual circumstances, a Rule 62 motion to stay a judgment or order pending appeal usually is filed with the judicial officer who issued the order, and not with the appellate judge or tribunal. *See*, 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2908 (1973). Nevertheless, Virgin Islands precedent indicates that where a party mistakenly files a motion to stay a magistrate's order with the trial judge, the magistrate and the trial judge have concurrent authority to decide the motion. *Jones v. Gov't of the Virgin Islands*, 25 V.I. 147, 149-150 (D.V.I. 1990). Furthermore, "Forcible entry and detainer statutes were designed to eliminate the remedy of self-help for landlords, while at the same time providing a speedy legal remedy of repossession for the landlord." *Suarez v. Christian*, 18 V.I. 581, 586 (D.V.I. 1981). This Court adds that the speedy nature of these summary proceedings promptly advises both the landlord and the tenant of their legal right, or lack thereof, to possession of the real property in dispute. The Court determines that remanding this appeal to the Magistrate Division for a ruling on Mr. O'Connor's Motion to Stay would cause unnecessary delay and defeat the policies behind the forcible entry and detainer statute. Therefore, to preserve these policies, the undersigned will proceed to determine Appellant's Motion to Stay under his concurrent jurisdiction.

9

 Magistrate Mackay, in the exercise of her discretion, directed Appellant to post a supersedeas bond in the amount of One Hundred Dollars ($100.00) in the July 9, 2010 Order. *See James v. Antilles Ins., Inc.*, 27 V.I. 55, 58 (Terr. Ct. 1992) ("Courts have inherent discretionary power in setting supersedeas bonds."). However, Mr. O'Connor, who was personally served with a copy of that Order on July 15, 2010 has not posted said bond as of the date of this decision.[6] As noted by one federal district court, ". . . there is nothing wrong with executing on an appealed judgment where no supersedeas bond has been filed." *Universal Athletic Sales Co. v. Amer. Gym*, 480 F. Supp. 408, 422 (W.D. Pa. 1979). Inasmuch as Mr. O'Connor has had notice of his obligation to post a supersedeas bond, but, as of the date of this opinion, has failed to post this minimal amount, this Court determines that he is not entitled to an additional stay of execution.

 Additionally, when determining whether to grant a stay pending appeal, courts consider whether the Appellant: 1) makes a strong showing that he is likely to succeed on the merits; 2) demonstrates that he will be irreparably injured absent a stay; 3) establishes that the issuance of the stay will not substantially injure the other parties interested in the proceedings; and (4) shows that the public interest favors the issuance of the stay. *See Bank of Nova Scotia v. Pemberton*, 36 V.I. 333, 334, 964 F. Supp. 189, 190 (D.V.I. 1997) (*citing Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987)). The Court finds that Mr. O'Connor cannot meet these standards and is not entitled to the issuance of a stay of execution.

First, Mr. O'Connor cannot demonstrate a likelihood of success on the merits. Based on the written lease entered into evidence at trial as Plaintiff's Exhibit 1, the lease term was from December 20, 2009 through June 20, 2010. Plaintiff's Exhibit 2 entered into evidence at trial was a 30-day notice to quit which the magistrate found to have been timely served. Because the term of the lease has expired and a timely notice to

---

[6] Ms. Courtney's Motion for Execution does not have a certification that her motion was served on Mr. O'Connor. However, as he was personally served by the Superior Court Marshal with both Magistrate Mackay's Judgment and her Order directing him to post a bond, he received sufficient notice of his legal status and obligations. In this posture, Mr. O'Connor cannot claim that he did not receive the due process required under Virgin Islands law and the United States Constitution, as incorporated in the Virgin Islands by Section 3 of the Revised Organic Act of the Virgin Islands of 1954, as amended.

quit was served, Appellant is improperly maintaining possession of the Subject Premises by force, as defined in V.I. CODE ANN. tit. 28, § 789(a)(2). Appellant's request for a stay would allow him to continue in possession of the Subject Premises in contravention of Virgin Islands law, and will not be sanctioned by this Court. Thus, Mr. O'Connor cannot demonstrate any, much less a strong, likelihood of success on the merits of the case. In addition, he cannot claim irreparable harm in the absence of the stay, as he has no legal right to remain on the Subject Premises. Third, granting the stay would deprive Ms. Courtney of the rightful possession and use of her real property. Finally, the public interest in this dispute is neutral. Therefore, the Court concludes that Mr. O'Connor is not entitled to a stay of eviction pending his appeal.

### c. Ms. Courtney is not entitled to a lien against Mr. O'Connor's personal property.

In her Motion for Eviction, Ms. Courtney requests that this Court place a lien on Appellant's personal property ". . . until monies due are paid in full."[7] However, it is settled that because forcible entry and detainer actions are summary in nature, the issues which may be raised are very limited. *See Four Winds Plaza Corp. v. White*, 50 V.I. 520, 525 (D.V.I. App. Div. 2008). Therefore, issues such as damages and the recovery of rents due are not cognizable in a forcible entry and detainer action. *Floyd v. Hoheb*, 38 V.I. 62, 64 (Terr. Ct. 1997). Because it is beyond the jurisdiction of a forcible entry and detainer court to determine the amount of rent due and owing for purposes of collection of the same, it is equally inappropriate for this Court, hearing an appeal from a forcible entry and detainer case, to grant equitable relief to Appellee to provide her with security for unpaid rentals. Thus, the Court will deny Ms. Courtney's request for the imposition of a lien.

## III. Conclusion.

Because Mr. O'Connor cannot meet any of the four criteria necessary to demonstrate an entitlement to a stay of execution of the June 7, 2010 Judgment issued by the Magistrate Division, and he has failed to post the supersedeas bond directed in the July 9, 2010 Order, his Motion for Stay

---

[7] Motion for Eviction at p. 1.

will be denied, and Ms. Courtney's Motion for Execution will be granted in part. The Court also will deny Ms. Courtney's Motion for Execution to the extent that she requests a dismissal of this appeal and the imposition of a lien. The Court will enter an appropriate order.